UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DAVID MITCHELL,                                    :

                       Petitioner,          :          08 Civ. 2373 (LAP) (DF)

          v.                                   :          **REPORT AND**
                                         **RECOMMENDATION**

WARDEN JANICE M. KILLIAN,                 :

                       Respondent.       :
-------------------------------------------------------------X

**TO THE HONORABLE LORETTA A. PRESKA, U.S.D.J.:**

By way of his Petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, *pro se*

petitioner David Mitchell ("Petitioner") seeks an order compelling the Federal Bureau of Prisons

(the "BOP") to grant him prior custody credit pursuant to 18 U.S.C. § 3585(b).  (Petition for

Writ of Habeas Corpus, dated Feb. 13, 2008 (Dkt. 1) ("Petition").)  For the reasons set forth

below, I recommend that the Petition be dismissed with prejudice with respect to any claim by

Petitioner that his sentence was calculated improperly pursuant to Section 3585(b), but without

prejudice to amend his claim that a limited exception to Section 3585(b) should apply in his case

because federal authorities prevented him from securing his release from state custody.

**BACKGROUND**

A.     **Petitioner's Pennsylvania State Charges and Sentence**

On January 9, 2005, Petitioner was arrested by Pennsylvania State authorities and

charged with four separate counts of contempt of court for failing to make child support

payments.  (Declaration of J.R. Johnson, dated Nov. 12, 2008 ("Johnson Decl.") (Dkt. 6), Ex. A

(Presentence Investigation Report for Petitioner, dated Jul. 24, 2006), at 11-12.)  Based on these

charges, Petitioner was sentenced to four consecutive 90-day sentences in a Pennsylvania

detention facility for a total prison term of 360 days.  (*See id*.)  On January 25, 2005, soon after

the state sentence was imposed, federal authorities arrested Petitioner on a federal warrant to

answer to charges of possession with intent to distribute a controlled substance, aiding and

abetting, and conspiracy.  (Johnson Decl., at ¶ 6; Ex. B (Individual Custody and Detention

Report for Petitioner, dated Oct. 3, 2006); Ex. C (Warrant for Petitioner's Arrest, filed Jan. 6,

2005).)  As Petitioner was under Pennsylvania's jurisdiction at the time of his arrest, he was

temporarily released to federal authorities pursuant to a writ of habeas corpus *ad prosequendum*.

(Johnson Decl. Ex. D (Writ of Habeas Corpus *ad Prosequendum* for Petitioner, dated Jan. 21,

2005).)  The state of Pennsylvania, however, continued to credit time against Petitioner's state

sentence while he was detained by the federal authorities and, on January 2, 2006, while still in a

federal detention facility, Petitioner completed his 360-day state sentence.  (Johnson Decl., at

¶ 8.)  Thereafter, the State of Pennsylvania relinquished jurisdiction over him.  (*Id*.)

### B. Petitioner's Federal Sentence

On September 6, 2006, after Petitioner pleaded guilty to the first count of the federal

indictment (conspiracy to distribute cocaine and in excess of 50 grams of cocaine base), the

United States District Court for the Middle District of Pennsylvania sentenced him to a term of

imprisonment of 100 months, followed by five years of supervised release.  (*Id*., at ¶ 9; Ex. E

(Judgment in a Criminal Case, dated Sept. 8, 2006).)  Although Petitioner had completed his

Pennsylvania state sentence some eight months earlier, the sentencing judge, for some reason,

recommended that the federal sentence "be served concurrent to [Petitioner]'s state sentence."

(*Id*., at 2.)

C.    **The BOP's Calculation of Petitioner's Sentence**

On October 24, 2008, the BOP prepared a sentence computation for Petitioner.  (*Id*. Ex F (Sentence Monitoring Computation Data for Petitioner, dated Oct. 24, 2008).)  According to the BOP's calculation, Petitioner's 100-month sentence commenced on September 6, 2006.  (*Id*.) Petitioner was given 246 days of prior custody credit for the time he served between January 3, 2006 (the day after Petitioner's state sentence completed), and September 5, 2006 (the day before the federal sentence was imposed).  (*Id*.)  Consequently, the BOP calculated Petitioner's release date as May 4, 2014, although, with "good time" credit, Petitioner could be released as early as May 1, 2013.  (*Id*.)

D.    **The Instant Habeas Petition**

On February 13, 2008, Petitioner filed the Petition,[1] pursuant to 28 U.S.C. § 2241.[2] (Petition, at 1.)  Petitioner claims that the BOP miscalculated his sentence and that, under 18 U.S.C. § 3585(b), he is entitled to prior custody credit for time served between January 25, 2005 (the day Petitioner was transferred to federal authorities pursuant to the writ of habeas corpus *ad prosequendum*), and September 6, 2006 (the day the federal sentence was imposed). (*Id*., at 4.)  Petitioner seems to argue that he "was not serving another sentence" after January 25, 2005, and, therefore, pursuant to 18 U.S.C. § 3585(b), time served between January 25, 2005,

---

[1] Although the Court's docket reflects that the Petition was filed on March 7, 2008, a *pro se* prisoner's papers are deemed filed when they are handed over to prison officials for forwarding to the Court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  Thus, in the absence of evidence to the contrary, this Court will deem the Petition to have been filed on February 13, 2008, the date that Petitioner signed it.  *See Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 165 (S.D.N.Y. 1999).

[2] As Petitioner is challenging the computation of his sentence rather than its legality, the Petition is properly brought under 28 U.S.C. § 2241.  *See Levine v. Apker*, 455 F.3d 71, 77-78 (2d Cir. 2006).

and September 6, 2006, must be credited to his federal sentence.  (*Id.*, at 5.)  Although Petitioner

offers no further explanation or clarification of this argument, his position seems to be that the

360-day Pennsylvania sentence expired on January 25, 2005 – roughly two weeks after it was

imposed – because Petitioner was transferred to a federal detention center pursuant to a writ of

habeas corpus *ad prosequendum*.  He argues that the time spent in custody between January 25,

2005, and September 6, 2006, must be credited to the federal sentence because it was not

credited to any other sentence.  (*See* Letter to Court from Petitioner, dated Nov. 25, 2008

(Petitioner's Letter in Reply to Respondent's Opposition ("Pet. Reply") (Dkt. 12), at 2).)

Petitioner also contends, seemingly in the alternative, that he is entitled to prior custody

credit because the federal judge who sentenced him was aware that the state sentence had

expired when he imposed the 100-month federal sentence.  (Petition, at 4; Pet. Reply, at 1.)

Petitioner argues that, under the circumstances, the sentencing judge's recommendation that the

federal sentence run concurrently with the expired state sentence must have been made in order

to give Petitioner credit for the entire time he was held in federal detention.  (*See id.*)

Finally, Petitioner briefly claims that, with regard to the state sentence, he could have

"post[ed] bail" on April 20, 2005, at a "scheduled contempt hearing," but federal authorities

would not allow him to attend the hearing and thereby prevented his release.[3]  (Petition, at 4.)

---

[3] The Petition also alludes to the Double Jeopardy Clause (*see* Petition, at 8), although there would appear to be no basis for any argument here that Petitioner was punished twice for the same offense, regardless of how his federal sentence was calculated, given that his state sentence (for failure to make child support payments) and federal sentence (for narcotics violations) were for wholly unrelated offenses.  Further, at one point in his Reply, Petitioner seems to rely on *United States v. Booker*, 543 U.S. 200 (2005), in support of his claim for prior custody credit.  (Pet. Reply, at 2-4.)  As Petitioner is only challenging the BOP's calculation of his sentence, *Booker* does not apply.

On November 14, 2008, Respondent opposed the Petition by filing the Johnson Declaration and a "Return" (Dkt. 7), as well as an opposition brief, in which Respondent argues that Petitioner's sentence was correctly calculated under 18 U.S.C. § 3585(b) and that he is not entitled to prior custody credit (Respondent's Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus, dated Nov. 14, 2008 (Dkt. 5)).[4]  On December 12, 2008, this matter was referred to me by the Honorable Loretta A. Preska, U.S.D.J., for a report and recommendation. (Dkt. 9.)

## DISCUSSION

As a preliminary matter, the record demonstrates that Petitioner was given 246 days of prior custody credit for time served between January 3, 2006 (the day after Petitioner completed his Pennsylvania sentence) and September 5, 2006 (the day before Petitioner's federal sentence was imposed).  (Johnson Decl. Ex. F.)  Although Petitioner appears to seek credit for time spent in custody up to September 6, 2006, he does not dispute that he was awarded credit for these 246 days.  Thus, this Court will limit its analysis to Petitioner's claim for credit for the time between January 25, 2005, and January 2, 2006, during which Petitioner was detained by federal authorities pursuant to the writ of habeas corpus *ad prosequendum*.

Under 18 U.S.C. § 3585(b), the BOP will, under certain circumstances, award credit for prior time spent by a defendant in custody and thereby reduce the defendant's term of imprisonment.  Specifically, Section 3585(b) provides that

---

[4] The Court's docket indicates that two additional documents were filed on February 27, 2009, specifically, a Declaration of Priscilla Steward in Opposition to the Petition (Dkt. 10), and a Memorandum of Law in Opposition to the Petition (Dkt. 11).  These two documents, however, are not actually in the Court's file for this case, and, after consulting Court staff, this Court has concluded that these filings were likely listed erroneously on the docket sheet for this action.

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1)    as a result of the offense for which the sentence was imposed; or
> >
> > (2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

It is the Attorney General, acting through the BOP, and not the sentencing judge, who is responsible for calculating prior custody credits.  *United States v. Wilson*, 503 U.S. 329, 335 (1992).  The BOP's decision to grant prior custody credit is subject to judicial review only after the defendant has exhausted his administrative remedies.  *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998).  Here, Respondent does not dispute that Petitioner has exhausted his administrative remedies and that this Court should consider the merits of the Petition.

Respondent's submissions reflect that Petitioner's 360-day Pennsylvania sentence commenced on or about January 9, 2005.  (Johnson Decl., at ¶ 4-5.)  Although Petitioner was transferred to federal authorities soon after his state sentence commenced, the clock continued to run on that state sentence while Petitioner was detained in the federal facility.  Indeed, on January 2, 2006, before Petitioner was returned to Pennsylvania authorities, the 360-day sentence expired and Pennsylvania relinquished jurisdiction over Petitioner.  (Johnson Decl., at ¶ 8; Ex. A, at 12; Ex. B, at 1.)  It is logical that Petitioner's state sentence continued to run while he was detained by the federal authorities because "[w]hen a prisoner is produced for prosecution in federal court pursuant to [a writ of habeas corpus *ad prosequendum*] the state

6

retains primary jurisdiction over the prisoner." *Rosario v. United States*, No. 02 Civ. 3360 (HB), 2004 U.S. Dist. LEXIS 3715, at *14 (S.D.N.Y. Mar. 8, 2004); *see also United States v. Smith*, 812 F. Supp. 368, 370 (E.D.N.Y. 1993) ("[a] federal sentence does not begin to run . . . when a defendant is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* . . . [;] the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation"). In other words, when a prisoner is transferred to and detained by the federal government pursuant to a writ of habeas corpus *ad prosequendum*, he or she is essentially "on loan" to federal authorities. *Rosario*, 2004 U.S. Dist. LEXIS 3715, at *14; *see also United States v. Fermin*, 252 F.3d 102, 108 n.10 (2d Cir. 2001).

Based on the plain language of Section 3585(b), Petitioner is not entitled to credit against his federal sentence for time served between January 25, 2005, and January 2, 2006, because this time was already credited to his state sentence. *See* 18 U.S.C. § 3585(b); *see also Labeille-Soto*, 163 F.3d at 99 ("a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence"); *Rivera v. Killian*, No. 08 Civ. 00405 (DC), 2008 U.S. Dist. LEXIS 38727, at *7 (S.D.N.Y. May 8, 2008). The fact that Petitioner spent the entire time for which he seeks credit against his federal sentence in a federal detention facility pursuant to a writ of habeas corpus *ad prosequendum* does not alter the manner in which Section 3585(b) must be applied. *See United States v. Mercedes*, 99 CR 1142 (SAS), 2007 U.S. Dist. LEXIS 31933, at *6 (S.D.N.Y. Mar. 13, 2007) (noting that "when a defendant is borrowed under a writ of habeas corpus *ad prosequendum*, he is not entitled to receive credit under 18 U.S.C. § 3585 in connection with the federal offense because he is technically serving time on his state sentence while in federal custody") (internal citations and quotation marks omitted); *Rosario*, 2004 U.S.

7

Dist. LEXIS 3715 (finding that petitioner was not entitled to credit for 18 months spent in federal detention facility pursuant to writ of habeas corpus *ad prosequendum* because those 18 months were already credited toward petitioner's state sentence); *Bultron v. United States*, No. 99 Civ. 727 (JFK), 1999 U.S. Dist. LEXIS 11781, at *4 (S.D.N.Y. Aug. 2, 1999) ("Petitioner was only 'on loan' to the federal authorities until his state sentence was complete. The year that [p]etitioner spent in a federal detention facility was credited toward [p]etitioner's state sentence and cannot be credited toward [p]etitioner's federal sentence."). Accordingly, Petitioner's argument that he is entitled to prior custody credit because he was not actually serving his state sentence between January 25, 2005 and January 2, 2006, is without merit. Under the governing statute, Petitioner's sentence was calculated correctly.

This Court is also not persuaded by Petitioner's argument that the sentencing judge recommended that the federal sentence run concurrently with an expired state sentence in order to maximize the prior custody credit to which Petitioner would be entitled. (*See* Petition, at 4; Pet. Reply, at 1.) Even apart from the fact that the BOP, and not the sentencing court, is responsible for calculating prior custody credit, *see Wilson,* 503 U.S. at 335, the fact remains that, when Petitioner's federal sentence was imposed, he had already completed his state sentence. Thus, there simply was no existing sentence with which Petitioner could have concurrently served his federal sentence. Moreover, a federal sentence cannot begin to run before it is imposed. *See Smith*, 812 F. Supp. at 370 ("[a] federal sentence does not commence until the Attorney General of the United States receives the defendant into his custody *for service of that sentence*) (emphasis added); *Barnes v. Compton*, No. 01-3317, 2002 U.S. App. LEXIS 4809 (7th Cir. Mar. 20, 2002) ("[appellant's argument] that his concurrent federal sentence commenced when his pre-existing state sentence began is frivolous"). Based on these

principles, the sentencing judge's apparently misplaced recommendation that Petitioner's federal sentence be served concurrently with his state sentence is immaterial.

Finally, Petitioner makes a conclusory allegation that, had he been permitted to attend an April 20, 2005 "contempt hearing," he would have been able to "post bail" and thereby secure his release from state custody. (Petition, at 4.) He was unable to do so, he asserts, because federal authorities did not allow him to attend the hearing. (*Id*.)

Some courts have recognized a limited exception to Section 3585(b)'s proscription against double credit where a prisoner has remained in state custody solely because of the actions of federal authorities. In *Rosemond v. Menifee*, 137 F. Supp. 2d 270 (S.D.N.Y. 2000), for example, the Court noted that

> [t]ime spent in state custody, even if for an unrelated offense, must be credited toward time served on a federal sentence if the continued state confinement was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one. If, for example, a state defendant is denied bail solely because of a federal detainer issued against him, the time spent in state custody awaiting trial must be credited to his federal sentence.

*Rosemond*, 137 F. Supp. 2d at 274-75 (*citing Shaw v. Smith*, 680 F.2d 1104, 1106 (5th Cir. 1982)); *but see Rivera,* 2008 U.S. Dist. LEXIS 38727, at *9-11 (acknowledging this authority, but also noting contrary authority); *Tisdale v. Menifee,* 166 F. Supp. 2d 789, 792 (S.D.N.Y. 2001) (holding that the Section 3585(b) bar on double credit applies, regardless of whether state court had granted bail and federal detention had prevented the petitioner from securing his release on bail).

In this case, it is difficult to understand Petitioner's argument.  Affording the Petition a liberal construction,[5] Petitioner may be trying to argue that, because he was being held in state custody on *contempt* charges (for failing to make child support payments), the contempt sanction would have been lifted and he would have been released from state custody upon making those payments.  He may also be attempting to argue that, by preventing him from appearing at a scheduled contempt hearing, federal authorities deprived him of the opportunity to make such payments.  Yet, at this point, Petitioner has not made any showing as to why, and under what circumstances, he would have been released from custody, had he been able to attend the hearing that he claims was scheduled for April 20, 2005.  He has not presented any evidence as to the terms of his state detention and whether those terms made it explicit that he would be released upon payment of child support (or bail).  Nor has he demonstrated that he actually would have been ready and able to make any payment that might have been necessary to obtain his release.  Nor is it even clear that an exception to the proscriptions of Section 3585(b) should be found to exist or should apply in this case, given that, as noted above, the law in this circuit is not settled in this area, and the parties have not briefed the issue.

As Petitioner has the burden of demonstrating that he is entitled to the jail credit he seeks, and as he has not met this burden by making any evidentiary showing that his state sentence actually would have terminated earlier, but for the conduct of federal authorities, I recommend that this claim be dismissed.  Nonetheless, given that the Petition includes such a cursory

---

[5] *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) ("The complaint of a *pro se* litigant is to be liberally construed in his favor.") (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983) (where a petitioner is proceeding *pro se* and "lack[s] expertise," the Court "should review [his] habeas petition[] with a lenient eye").

reference to this claim, and with recognition that Petitioner is proceeding *pro se,* I recommend that this particular claim be dismissed without prejudice to replead.  I further recommend that, if the Court grants Petitioner such leave, he be directed to set forth (1) facts showing the administrative exhaustion of this claim, and (2) the factual basis for his assertion that he would have been released from state custody, but for his federal detention.

## **CONCLUSION**

For the foregoing reasons, I recommend that the Petition be dismissed with prejudice as to all of the claims pleaded therein, except for Petitioner's claim that federal authorities denied him the opportunity to secure his release from state custody, as to which I recommend dismissal without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska, U.S.D.J., United States Courthouse, 500 Pearl Street, Room 1320, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to Judge Preska.  FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-*

*CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d

298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v.*

*Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
April 13, 2009

RESPECTFULLY SUBMITTED,

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Loretta A. Preska, U.S.D.J.

Mr. David Mitchell
13009-067
FCI-Otisville
P.O. Box 1000
Otisville, NY 10963

Tomoko Onozawa, Esq.
Assistant U.S. Attorney
86 Chambers Street
New York, NY 10007

12