MAILED TO COUNSEL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/11

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DAVID MITCHELL,                     :
                                    :
                    Petitioner,     :
                                    :    08 Civ. 2373 (LAP)
          - v. -                    :
                                    :    ORDER ADOPTING
JANICE M. KILLIAN, WARDEN, FCI      :    REPORT & RECOMMENDATION
OTISVILLE,                          :
                                    :
                    Respondent.     :
------------------------------------x
```

LORETTA A. PRESKA, Chief United States District Judge:

On March 7, 2008, Petitioner David Mitchell filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (dkt. no. 1.) This Court referred the action to the Honorable Deborah Freeman on December 12, 2008. (dkt. no. 9.) On April 13, 2009, Judge Freeman issued a report (the "Report") recommending that this Court: (1) dismiss the petition with prejudice as to Petitioner's claim that his sentence was calculated improperly and (2) dismiss the petition without prejudice as to Petitioner's claim that federal authorities denied him the ability to secure release from state custody. (dkt. no. 13.) The parties were given ten days from the date of the Report to submit objections. Although it was not docketed, Petitioner timely filed objections on April 23, 2009, and Respondent filed an opposition on October 16, 2009. (Respondent's Memorandum of Law in Response to Petitioner's

Objections dated October 16, 2009, at 2 (dkt. no. 15).) Petitioner replied on October 26, 2009.

On January 11, 2011, Petitioner submitted a purported amendment to his section 2241 petition without seeking leave of the Court or notifying Respondent. Respondent sent a letter on January 20, 2011, requesting that Petitioner's submission be stricken and that his objection to the Report be adjudicated on the prior record. On February 15, 2011, Petitioner replied to Respondent's letter.

The Court finds the Report to be well-reasoned and thoroughly grounded in the law. Petitioner's objections focus on the sentencing court's apparent intention to impose concurrent sentences for the purpose of crediting all of Petitioner's time served since he was detained under federal authority to his federal sentence. However, as the Report aptly points out, this consideration is immaterial. Report at 8-9. The sentencing judge has no authority (as the sentencing judge recognized at sentencing here) to calculate prior custody credits at sentencing. Report at 8; see United States v. Wilson, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

With respect to Petitioner's argument that he is entitled to more prior custody credit, the Report's reasoning is

augmented by a case Respondent points out, Addison v. Holencik, No. 07 Civ. 4536, 2008 WL 4447573, at *1-2, *4 (C.D. Cal. Sept. 30, 2008). From a factual vantage, Addison is on all fours with this case. Id. at *1-2. Legally, Addison holds that "under federal law, the United States cannot credit Petitioner's federal sentence for any . . . time" that Petitioner served in federal custody before being sentenced for his federal crime if he received credit for a prior state sentence he was serving at the same time. Id. at *4; see 18 U.S.C. § 3585(b) (stating that a defendant shall be given credit for time spent in "official detention prior to the date the [federal] sentence commences . . . that has not been credited against another sentence" (emphasis added)). This is precisely the case here. The time Petitioner seeks to apply toward prior custody credit was time served in federal custody that was applied against his state sentence. Report at 7-8. The Court is sensitive to Petitioner's seeming assumption, which is not entirely unreasonable, that the discussion the sentencing court and counsel had at sentencing means that another calculation was due, but the fact is that the statute, by its plain language, does not entitle Petitioner to the time credit he seeks. See 18 U.S.C. § 3585(b). As the Report properly recommends, Petitioner's claim that his sentence was calculated improperly

3

is not grounded in the law and shall be dismissed with prejudice.

The Report recommends that Petitioner's alternative claim that federal authorities prevented him from receiving an earlier termination of his state sentence be dismissed without prejudice because the claim is not fully developed in the petition and was not fully briefed. Although that may have been the case when the Report was drafted, Petitioner's objections seek to bolster the underlying facts and circmstances supporting this claim. Even with the additional submissions from Petitioner, the Court finds that Petitioner has not carried his burden to show that he would have been released, that he could have made the payments allegedly necessary to obtain release, or any other facts necessary to support a claim that he may be entitled to the exception of which Petitioner seeks to avail himself now. See Rosemond v. Menifee, 137 F. Supp. 2d 270, 275 (S.D.N.Y. 2000) (Scheindlin, J.) ("If absent the federal action . . . the petitioner would have been released under available state procedures, then credit toward his federal sentence must be given."). Moreover, that exception is not a matter of settled law. Rivera v. Killian, No. 08 Civ. 405, 2008 WL 1990093, at *3-4 (S.D.N.Y. May 8, 2008) (Chin, J.). In any event, Petitioner set out nothing more than vague and unsubstantiated assertions and has not demonstrated, as he must

4

even assuming this exception applies, that the state authorities would have released him but for the federal detainer. Cf. Rosemond, 137 F. Supp. 2d at 275 (finding that petitioner's release two days after he was returned to state custody "is strong evidence that the [state] would have released petitioner . . . but for the fact that he was in federal custody pursuant to the federal writ").

Given the fact that the Report made Petitioner aware of what he needed to demonstrate to avail himself of this exception, Report at 9-11, his failure to produce sufficient factual allegations or provide any documentation in his objection submissions to carry his burden is enough at this juncture to dismiss this claim with prejudice. In all other respects, the Report is well-reasoned and legally grounded as to Petitioner's other claim and is adopted by the Court.

Finally, Respondent asks the Court to exclude the purported amendment and resolve the objections on the prior record. Having reviewed the purported amendment, it raises no new factual issues or legal arguments. It therefore is not considered here.

For the reasons stated above, it is ORDERED that the Report [dkt. no. 13] be adopted as modified by the foregoing and that the petition be dismissed with prejudice. The Clerk of the

Court shall mark this action closed and all pending motions are denied as moot.

SO ORDERED.

Dated:   New York, New York
         February 25, 2011

                                                   LORETTA A. PRESKA
                                                   Chief U.S. District Judge